IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SS RICHMOND LLC *et al.,*
    Plaintiffs,

v.   Civil No. 3:22-cv-00405 (DJN)

CHRISTOPHER A. HARRISON *et al.,*
    Defendants.

## REPORT & RECOMMENDATION

This matter comes before the Court for consideration of a Motion to Enforce the Settlement Agreement ("Motion to Enforce") (ECF No. 133) filed by SS Richmond LLC and MK Richmond LLC (collectively, "Plaintiffs"). Plaintiffs move the Court to enforce the Settlement Agreement executed by the parties on April 21, 2023. On August 18, 2023, the undersigned entered an Order granting the Motion to Enforce and ordering the parties to submit a Proposed Order on an Entry of Judgment against Christopher A. Harrison, The C.A. Harrison Companies LLC, CAH Model Tobacco LLC, and McKenzie Blake Development Company LLC (collectively, "Defendants"). (ECF No. 154.) However, upon further review of the terms of the Memorandum of Understanding (the "MOU"), executed by the parties on March 10, 2023, and the Settlement Agreement, it is unclear whether the parties consented to the undersigned rendering a final judgment in this matter. As a result, the undersigned has vacated the Order granting the Motion to Enforce (*see* ECF No. 155) and has determined that the more prudent procedural path is the issuance of this Report and Recommendation for consideration by the Honorable United States District Judge David J. Novak ("Judge Novak").

For the reasons set forth below, the Court hereby RECOMMENDS that the Motion to Enforce be GRANTED and that judgment be entered against Defendants and in favor of

1

Plaintiffs in the principal amount of Six Million Dollars ($6,000,000.00) (the "Purchase Price"), plus post-judgment interest at the applicable federal rate under 28 U.S.C. § 1961, from the date of entry until paid. The judgment order should reflect that Plaintiffs shall retain ownership of their "Membership Interests," as that term is defined in the Settlement Agreement, until Defendants satisfy the judgment. Upon satisfaction of the judgment, Plaintiffs shall immediately transfer their Membership Interests to Defendants in accordance with Section 2(a) of the Settlement Agreement. The Court further RECOMMENDS that Judge Novak order further briefing on Plaintiffs' entitlement to pre-judgment interest and attorneys' fees.

## BACKGROUND

Plaintiffs filed suit on May 31, 2022 and brought the following claims against Defendants: (1) violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1962(a), 1964(c); (2) securities fraud, 15 U.S.C. § 78j(b), 17 C.F.R. § 240.10b-5; (3) dissociation claims under Virginia Code § 13.1-1040.1(5); and (4) common law breach of contract, fraud, and fraud by concealment claims. Defendants brought three counterclaims against Plaintiffs in the same action: (1) dissociation of Plaintiffs; (2) a request for a declaration of rights as to the validity of an Amended Operating Agreement pertinent to the Model Tobacco Project (the "Project"); and (3) a breach of contract claim.

## PROCEDURAL HISTORY

On March 10, 2023, the parties engaged in a settlement conference with the undersigned. At the conclusion of the settlement conference, the parties signed the MOU addressing several material terms, including the payment of the Purchase Price from Defendants to Plaintiffs in exchange for Plaintiffs' Membership Interests in the Project. The parties also agreed in the MOU that the undersigned would retain jurisdiction and authority to resolve any dispute concerning the

terms agreed to in the MOU. That same day, at Judge Novak's direction, the undersigned issued an Order suspending all deadlines pending the parties' execution of the Settlement Agreement. (ECF No. 128.) The Order also directed the parties to file a Stipulation of Dismissal within ten days of execution of the Settlement Agreement.

On April 21, 2023, the parties executed the Settlement Agreement. Under the terms of the Settlement Agreement, Defendants agreed to pay Plaintiffs the Purchase Price on or before June 8, 2023, in exchange for Plaintiffs' Membership Interests in the Project. (ECF No. 136, Ex. A at 3.) Section 2(a) of the Settlement Agreement provided that, in the event that Defendants did not complete payment by June 8, 2023, Plaintiffs could seek recourse through one of two options: (1) Plaintiffs could request entry of a judgment for the Purchase Price and retain their Membership Interests until the judgment was satisfied; or (2) Plaintiffs could request the Court to declare any Assignment Agreements and the transfer of Membership Interests null and void and seek additional remedies, including reinstatement of the lawsuit. (*Id.* at 3-4.) Section 13 of the Settlement Agreement also included a provision allowing either party to sue to enforce the terms of the Settlement Agreement with "the party prevailing in such suit . . . entitled to recover, in addition to all other remedies or damages, as provided herein, reasonable attorneys' fees and expenses incurred in such suit." (*Id.* at 12.)

The Settlement Agreement does not include the language originally set forth in the MOU that: (1) the undersigned "retains jurisdiction and authority to resolve any disputes concerning" the settlement terms; (2) "any resolution determined by [the undersigned] shall be conclusive"; and (3) the undersigned "may award the prevailing party its costs, including reasonable attorney's fees, consistent with prevailing law." Instead, Section 15 of the Settlement Agreement

3

provides that that the Settlement Agreement "supersedes and merges all prior negotiations, offers, representations, warranties, and agreements with respect to its subject matter." (*Id.* at 13.)

On May 1, 2023, the parties filed a Stipulation of Dismissal. (ECF No. 129.) On May 2, 2023, the case was dismissed with prejudice. (ECF No. 130.) In closing the case, Judge Novak confirmed that the Court retained "jurisdiction over this matter for the purpose of enforcement of the settlement, including ordering the case to be reinstated and awarding the prevailing party its costs, to include reasonable attorneys' fees." (*Id.*)

On June 28, 2023, Plaintiffs subsequently filed the Motion to Enforce (ECF No. 133) seeking an award of the Purchase Price owed under the Settlement Agreement, plus interest, costs and attorneys' fees, and any other relief deemed proper and just by this Court. In support of the Motion to Enforce, Plaintiffs allege that, leading up to the agreed June 8, 2023 closing date, Defendants "refused to provide any information regarding their intent to make" the Purchase Price payment, despite repeated requests from Plaintiffs for such assurance. (Pls.' Mem. in Supp. of Mot. to Enforce Parties' Settlement Agreement ("Pls.' Mem.") (ECF No. 135) at 3.) Plaintiffs assert that, on June 7, 2023, one day before payment was due, counsel for Defendants emailed Plaintiffs to state that they would "not be in a position" to pay by the agreed date, but that they had an agreement with a third party to obtain the necessary funds. (*Id.*) Plaintiffs allege that Defendants refused to provide a copy of the purported agreement to Plaintiffs at that time. (*Id.*) On June 12, 2023, the parties conducted a telephonic status conference with the undersigned, during which Defendants reiterated their intent to provide Plaintiffs with the Purchase Price payment in exchange for Plaintiffs' Membership Interests. Defendants, however, stated that their deal with the third party would close "no later than July 17, 2023." (*Id.*) On June 16, 2023,

4

Defendants also provided Plaintiffs and this Court with a copy of a Letter of Intent ("LOI") which memorialized Defendants' deal with their third-party buyer. (ECF No. 136, Ex. D.)

Plaintiffs assert that the LOI "contradicts Defendants' representations concerning its contents." (Pls.' Mem. at 3.) Specifically, Plaintiffs contend that the LOI was merely a non-binding letter and that it allowed the third-party buyer to "unilaterally extend the due diligence period and delay the closing by fifteen days" past the proposed July 17, 2023 closing date. (*Id.* at 4.) Plaintiffs also assert that Defendants failed to provide them with any documentation establishing the LOI's authenticity, including proof of the escrow deposit or the signed purchase agreement mentioned in the LOI. (*Id.*) On June 20, 2023, Plaintiffs wrote to Defendants to explore discussions that would avoid court involvement if Defendants reasonably compensated Plaintiffs for their breach of the Settlement Agreement and produced documents to provide assurance that the deal would in fact close by July 17, 2023. (*Id.*) Plaintiffs report that Defendants ignored their email and failed to provide any of the requested documentation, leaving Plaintiffs "no choice" but to file the Motion to Enforce. (*Id.* at 5.)

Defendants respond that the delay in executing the Settlement Agreement, from the originally contemplated March 25, 2023 deadline to April 21, 2023, justifies tolling the June 8, 2023 deadline for payment. (Defs.' Mem. in Opp. to Pls.' Mot. to Enforce Settlement Agreement ("Defs.' Mem.") (ECF No. 145) at 1.) Defendants contend that Plaintiffs insisted on changes to the Settlement Agreement that were not discussed at the settlement conference or agreed upon— such as "extensive release language"—"likely caus[ing] the entire delay in execution." (*Id.* at 3.) Defendants assert that they quickly secured a third-party investor following execution of the Settlement Agreement, leading to a finalized LOI on June 2, 2023 and a purchase agreement on July 3, 2023. (*Id.*) Defendants averred that the purchase contract would close on or before

5

August 2, 2023, at which time Defendants would pay their entire financial obligation to Plaintiffs. (*Id.*) Defendants contend that practical considerations, the absence of any unfair prejudice to Plaintiffs, and principles of equitable tolling and the prevention doctrine support extending the Settlement Agreement's deadlines. (*Id.* at 3-6.) Further, Defendants assert that Plaintiffs' attorneys' fees are "self-inflicted" due to their own delay in signing the Settlement Agreement. (*Id.* at 7.) Lastly, Defendants requested that the Court "stay consideration of the Motion to Enforce the Settlement for [thirty] days, or until August 11, 2023, to facilitate a final resolution." (*Id*. at 1.) Defendants reiterated this request by suggesting that the Court should "wait until August 11, 2023, to enter any judgment to allow time to complete the transaction." (*Id*. at 1-2.)

On July 18, 2023, Plaintiffs filed their Reply brief, asserting that Defendants concede breach of the Settlement Agreement and that their request for additional time in which to complete payment comes too late. (Pls.' Reply in Supp. of Mot. to Enforce Settlement Agreement ("Pls.' Reply") (ECF No. 147) at 2.) Plaintiffs further argue that Defendants have offered no proof that negotiations regarding the Settlement Agreement "materially contributed" to their breach; rather, Defendants' conduct made those negotiations necessary. (*Id.* at 3-5.) Plaintiffs contend that the delay in payment results directly from Defendants' conduct and continues to cause prejudice, warranting a grant of the Motion to Enforce. (*Id.* at 5-6.)

Once the Motion to Enforce was fully briefed, the undersigned scheduled a hearing, which occurred on August 18, 2023. At the hearing, counsel for Defendants reported that the transaction with the third-party buyer had yet to close, despite their previous representations that a deal would be complete first by August 2, 2023 and then by August 17, 2023. Counsel for Defendants asserted, however, that the deal was likely to be completed soon. Both parties

presented their arguments on the Motion to Enforce, Defendants' alleged breach of the Settlement Agreement, and Plaintiffs' requested remedy of an entry of judgment, with pre- and post-judgment interest, as well as attorneys' fees. During the hearing, the undersigned informed counsel that an Order would be entered granting the Motion to Enforce, directed the parties to submit a Proposed Order for an Entry of Judgment, and established a briefing schedule on the issue of Plaintiffs' entitlement to attorneys' fees stemming from the Motion to Enforce. The undersigned also informed counsel that it would enter judgment against Defendants and in favor of Plaintiffs in the amount of the Purchase Price, plus interest, though a dispute remained between counsel as to the applicable interest rates. This Court entered the Order granting the Motion to Enforce on August 18, 2023 (ECF No. 154) and received communications from the parties regarding the Entry of Judgment, as directed in the Order, on August 22, 2023.

After the hearing on August 18, 2023 and upon further review of the terms of the MOU and the Settlement Agreement, the undersigned has determined that it was unclear whether the parties consented to the undersigned rendering a final judgment in this matter. As a result, the undersigned has vacated the Order granting the Motion to Enforce (*see* ECF No. 155) and has instead determined that the more prudent procedural path is the issuance of this Report and Recommendation for consideration by Judge Novak.

## STANDARD OF REVIEW

"Court-facilitated settlements are an important aspect of the judicial process and of its purpose in providing an orderly and peaceful resolution of controversies." *Mitchell v. Ocwen Loan Servicing, LLC*, 2016 WL 8730899, at *2 (E.D. Va. Feb. 16, 2016) (quoting *Hensley v. Alcon Labs, Inc.*, 277 F.3d 535, 540 (4th Cir. 2002)) (internal quotation marks omitted). "[D]istrict courts have inherent authority, deriving from their equity power, to enforce settlement

7

agreements." *Id.* (quoting *Hensley*, 277 F.3d at 540). A motion to enforce a settlement agreement does not require the moving party to file a new suit. *Id.* (citing *Millner v. Norfolk & W. Ry. Co.*, 643 F.2d 1005, 1009 (4th Cir. 1981)). Rather, jurisdiction remains in place when the court gives a "clear indication that it is . . . retaining jurisdiction" over an action. *New Cingular Wireless PCS, LLC v. Spotsylvania Cnty.*, 2014 WL 2864107, at *2 (E.D. Va. June 24, 2014) (quoting *Smyth v. Rivero*, 282 F.3d 268, 283 (4th Cir. 2002)).

"Settlement agreements are 'treated as contracts subject to general principles of contract interpretation.'" *Mitchell*, 2016 WL 8730899, at *2 (quoting *Power Servs., Inc. v. MCI Constructors, Inc.*, 3 F. App'x 190, 192 (4th Cir. 2001)). To grant a motion to enforce a settlement agreement, a court "(1) must find that the parties reached a complete agreement and (2) must be able to determine its terms and conditions." *Id.* (quoting *Campbell v. Adkisson, Sherbert & Assoc.*, 546 F. App'x 146, 152 (4th Cir. 2013)). "In deciding whether a settlement agreement has been reached, the court looks to the objectively manifested intentions of the parties." *Id.* (quoting *Moore v. Beaufort Cnty., N.C.*, 936 F.2d 159, 162 (4th Cir. 1991)). If a court determines that the parties entered into a binding settlement agreement, it may enforce the agreement without the need for a hearing. *Cosby v. Huntington Ingalls, Inc.*, 2018 WL 1511735, at *2 (E.D. Va. Mar. 27, 2018) (citing *Hensley*, 277 F.3d at 540). However, if a material dispute as to the validity of a settlement agreement exists, the court must conduct a hearing to resolve the settlement dispute. *Id.*

## **ANALYSIS**

Here, the parties executed a binding, formal Settlement Agreement on April 21, 2023. The parties have not suggested that there is any dispute as to the validity of the Settlement

Agreement. Having found that the parties entered into a complete and enforceable agreement on April 21, 2023, the Court next assesses the terms and conditions of the Settlement Agreement.

Section 2(a) of the Settlement Agreement provides two alternative methods of recourse for Plaintiffs in the event that Defendants breached the Settlement Agreement by failing to pay the Purchase Price by June 8, 2023: (1) Plaintiffs could file for an entry of judgment for the full Purchase Price while retaining their Membership Interests in the Project until the judgment was satisfied; or (2) Plaintiffs could request the Court to declare all Assignment Agreements "null and void" and seek additional remedies from the Court, including reinstatement of the lawsuit. (ECF No. 136, Ex. A at 3-4.) Plaintiffs have pursued the former option through the filing of the Motion to Enforce. (ECF No. 133.) Furthermore, Section 13 of the Settlement Agreement provides that "[e]ither Party may file suit to enforce the terms of this Agreement." (ECF No. 136, Ex. A at 12.) Section 13 also states that jurisdiction would be explicitly reserved in the United States District Court of the Eastern District of Virginia "to make all rulings and issue all remedies in connection with the Settlement Agreement." (*Id.*) Finally, Section 13 adds that "[i]n the event a lawsuit is filed in connection with this [Settlement] Agreement … the party prevailing in such suit shall be entitled to recover, in addition to all other remedies or damages, as provided herein, reasonable attorneys' fees and expenses incurred in such suit." (*Id.*) Thus, while Section 2(a) elucidates the recourse for Plaintiffs in the event that Defendants failed to pay the Purchase Price by June 8, 2023, Section 13 retains jurisdiction in the Eastern District of Virginia if either party chooses to file suit to enforce the Settlement Agreement's terms.

The undersigned has identified discrepancies between the MOU and the Settlement Agreement warranting the issuance of this Report and Recommendation. First, and most notably, the Settlement Agreement does not clearly retain jurisdiction with the undersigned Magistrate

9

Judge to resolve any dispute stemming from the Agreement. While the MOU contained language specifically vesting the undersigned with jurisdiction to resolve any disputes concerning the MOU's terms, the MOU appears to have been superseded by the express language of Section 15 of the Settlement Agreement. The Settlement Agreement states that the Stipulation of Dismissal would "explicitly reserve jurisdiction in the U.S. District Court for the Eastern District of Virginia to make all rulings and issue all remedies in connection with the Settlement Agreement." (*Id.*) Judge Novak's May 2, 2023 Order Dismissing the Case with Prejudice included this language, noting that "the Court retains jurisdiction over this matter for the purpose of enforcement of the settlement, including ordering the case to be reinstated and awarding the prevailing party its costs, to include reasonable attorneys' fees." (ECF No. 130.) Recognizing that neither the Settlement Agreement nor the Dismissal Order specifically retain jurisdiction with the undersigned to resolve any disputes regarding the Settlement Agreement, and out of an abundance of caution, the undersigned recommends that Judge Novak grant the Motion to Enforce and enter the proposed judgment against Defendants as the presiding District Judge in this matter.

Second, the undersigned finds uncertainty in the Settlement Agreement's language regarding the potential award of pre-judgment interest and attorneys' fees. Sections 2(a) and 13 address appropriate remedies in the event of a breach of the Settlement Agreement, but do not refer to pre-judgment interest. (ECF No. 136, Ex. A at 3-4, 12.) In fact, interest is not mentioned at all in the Settlement Agreement. While the undersigned recommends that Judge Novak enter judgment against Defendants for the Purchase Price plus post-judgment interest at the federal rate, the award of pre-judgment interest, if any, remains an issue ripe for briefing. Furthermore, while Section 13 provides for attorneys' fees for the prevailing party in the event a new suit is

10

filed based on a breach of the Agreement, fees are not specifically contemplated within the context of the Motion to Enforce. Therefore, Plaintiffs' entitlement to attorneys' fees also presents an unclear and contested issue. Accordingly, the undersigned recommends that Judge Novak order additional briefing on the issues of pre-judgment interest and attorneys' fees.

The undersigned acknowledges that he entered an order granting Plaintiffs' Motion to Enforce (ECF No. 154) and advised the parties during the August 18, 2023 hearing that judgment would be entered for Plaintiffs and against Defendants for the full Purchase Price, plus interest at the applicable rates. However, lacking a specific grant of jurisdiction from the Settlement Agreement or Dismissal Order to enter judgment, the undersigned concludes that it is procedurally prudent to issue this Report and Recommendation recommending that Judge Novak grant the Motion to Enforce and enter judgment against Defendants and in Plaintiffs' favor consistent with the terms of the Settlement Agreement. The Court also recommends that a briefing schedule be established to allow a thorough and just assessment of Plaintiffs' entitlement to pre-judgment interest and an award of attorneys' fees.

## CONCLUSION

For the reasons set forth above, the Court RECOMMENDS that: (1) the Motion to Enforce be GRANTED; (2) judgment be entered against Defendants and in favor of Plaintiffs in the amount of the Purchase Price ($6,000,000.00), plus post-judgment interest at the applicable federal rate under 28 U.S.C. § 1961 from the date of entry until paid; and (3) the judgment order should reflect that Plaintiffs shall retain ownership of their "Membership Interests," as that term is defined in the Settlement Agreement, until Defendants satisfy the judgment. The undersigned further RECOMMENDS that Judge Novak order briefing on Plaintiffs' entitlement to pre-judgment interest and attorneys' fees.

Let the Clerk file a copy of this Memorandum Order electronically and notify all counsel of record.

## NOTICE TO PARTIES

**Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a de novo review of the determinations contained in the report and such failure shall bar you from attacking on appeal the findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error.**

                                                      /s/ *MRC*
                                          Mark R. Colombell
                                          United States Magistrate Judge

Richmond, Virginia
Date: <u>August 23, 2023</u>